JUDGE STITES
delivered the opinion of the court:
In October, 1854, the Kentucky Trust Company Bank failed, and in November following, a bill in chancery having been filed for that purpose, an order was made by the court placing its books, papers, and assets in charge of a commissioner, who was directed to close up its affairs.
In March, 1857, the commissioner reported that he would be prepared at the next term of the court to make a dividend among the creditors, and thereupon the court required the creditors to present their demands on or before a given day to the commissioner, who was ordered to report the same for a dividend.
The appellants, who were holders of bills to a large amount, presented their demands, and the 'same, together with other *109 debts, were reported. They claimed, in addition to the amount of their bills, twelve per cent, per annum, damages, from the time they had presented their bills and the same had been protested ; and this claim having been disallowed by the court, they have appealed.
By agreement of parties, the only question to be decided is, whether they were entitled to the twelve per cent, as claimed.
It appears that the appellants each obtained the notes at a heavy discount, after the suspension of the bank, and after its affairs had been committed to the charge of the commissioner. And further, that they had been presented for payment at the office of the commissioner, which had been theretofore occupied by the bank, and payment refused. It seems also that the commissioner was confident that the assets of the bank were sufficient to pay all the liabilities of the bank except the capital stock.
The provision of the charter, under which appellants claim, is in these words :
“ That if said bank shall at any time fail or refuse to redeem any of such notes when so presented, or unreasonably delay the payment of the same, said bank shall forfeit and pay to the holder of such, note or notes damages at the rate of twelve per cent, per annum for the delay occasioned, to be recovered by action in any court of justice within this Commonwealth having jurisdiction thereof; and for any such refusal or delay it shall be lawful for the circuit court for the county in which said bank is situated, upon petition filed and sworn to by any citizen of this State, to appoint a commissioner to take possession of all the papers, money, and other property of said bank, and close its affairs under such order and judgment as may by said court be rendered in the premises, and apply all and singular the effects of said bank to the demand of its creditors, pro rata, according to their several demands.”
It is said for appellants, that the charter of the bank had not been forfeited by direct proceedings for that purpose, and was still in force both for and against the corporation, and as the contest here was not between creditors of the bank, but between creditors and stockholders, that there was no obstacle *110 legal or equitable to the enforcement of the claim for damages as against the stockholders.
It is true that no formal or technical forfeiture of the charter has been had,' and it may be, that, for some purposes, it is still in force — a point however not now necessary to be decided— for be that as it may, there was, in our opinion, a sufficient ground for denying the damages.
The provision of the charter relied on by appellants, when properly construed, itself repels the idea that damages are recoverable for a failure or refusal to pay after the corporation has been committed to the charge of an officer of the court to wind up its affairs.
It is apparent from its terms that the penalty denounced against the bank for failing to pay, was not intended to be confined to the payment of the twelve per cent, damages. This was only a part of the penalty, for the section, supra, in the very next sentence following that which declares that for refusing to pay the bank shall pay twelve per cent., &c., proceeds to say, “ and for any such refusal or delay, the circuit court for the county in which the bank is situated may, upon petition, &c.,” take possession of the property of the bank and require a distribution of its effects among its creditors pro rata.
One of the consequences of its refusal to pay, was, in this case, the action of the circuit court depriving it for the time being of the control of its effects, and ordering their distribution, &c., among its creditors.
It had, then, for purposes of payment or for the creation of new liabilities, no existence. The action of the court, as was said by this court in Finnell vs. Nesbitt, (16 B. Mon., 354,) in effect suspended its corporate capacity; and nothing could be done with its property or estate except with the assent of the court.
It was undergoing the punishment denounced against it for failing to pay its debts, and in a legal sense was in the custody and under the control of the court — deprived, not only of all means of payment, but also of the power of volition in the matter.
Would it not then have been somewhat anomalous for the *111 court which had made the order prohibiting in effect the corporation from exercising its corporate functions, to have inflicted upon it a penalty for obeying its own order, and especially in behalf of parties who had acquiesced therein by claiming a pro ratum of its effects upon the very demands on which the claim for damages was based, and which were acquired after the order had been made ?
It is only necessary to state the proposition, to show what injustice would result to the corporation from an allowance of the claim.
The section of the charter, supra, never was intended to authorize the infliction of the penalty for refusing to do that which, if done, would have thwarted the effect of one of its own provisions, if it would not have violated it.
Such, however, would have been the consequence had the chancellor allowed the damages. The order of the circuit court, as we have seen, was directly in pursuance of the act, and the officers of the corporation were bound to regard it, and had no right to touch or dispose of the effects of the corporation without permission of the court. And yet, for refusing to violate this order, made in pursuance of the charter, or, in other words, to exercise control over the effects of the bank, the appellants insist that, by the provisions of the charter, they are liable to its penalties..
We are unwilling to admit that such consequences can result from the act, and are of opinion that the circuit court properly rejected the claim for damages.
Judgment affirmed.